PEOPLE EX REL. JUSINO, PLAINTIFF AND APPELLANT, v.
DÁVILA, DEFENDANT AND APPELLEE.

### APPEAL from the District Court of San Juan in *Quo Warranto* Proceedings.

No. 2652.—Decided July 6, 1922.

MUNICIPAL OFFICERS—RESIGNATION—WITHDRAWAL OF RESIGNATION.—After the resignation of a municipal officer has been duly accepted and another person has been appointed to fill the office, the resignation can not be withdrawn, although it was to take effect in the future. An office becomes vacant by the duly accepted resignation of the incumbent.

ID.—ID.—ID.—SESSIONS OF MUNICIPAL ASSEMBLIES—ADJOURNMENT.—Sessions of municipal assemblies must be composed of consecutive days, Sundays and holidays excluded and extraordinary sessions excepted, and the adjournment of a session for more than three days is ordinarily equivalent to an adjournment *sine die*.

The facts are stated in the opinion.

*Messrs. L. Santiago Carmona* and *J. C. Jusino* for the appellant.

*Mr. M. Gaetán Barbosa* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

From the opinion of the court below it appears that Virgilio Dávila was, on the eleventh day of January, 1921, and by action of the municipal council of Bayamón, elected as municipal commissioner of education and qualified in due form. On the third of March, 1921, the council of administration of Bayamón granted the said commissioner a vacation with pay to run from the fourth to the thirty-first of March, 1921, naming a substitute. While thus on vacation, on the eighteenth day of March the said Dávila sent a letter to the municipal assembly offering his resignation, to take effect on March thirty-first, 1921. The letter contained the reasons that induced him to resign. At what appeared to be a session postponed from the eighteenth day of March, 1921, on the

twenty-first day of March the municipal assembly met and, finding reasonable the reasons assigned, accepted the resignation. Immediately thereupon, and by a majority vote, José C. Jusino, the petitioner in this case, was elected to fill the vacancy. On the margin of the ordinance or proceeding (*acta*) the secretary of the assembly wrote as follows:

"This ordinance (*acta*) is not signed because it was not approved, having been declared void by resolution of April 1, 1921, in accordance with the opinion of the Attorney General of Porto Rico."

It appears that according to said opinion the sessions of the municipal assembly held on the twenty-first of March and other days were void because not held in consecutive order as the law required. Thereupon the assembly met on April first, 1921, and declared the acts of certain days null and void, including the act or vote taken on March twenty-first, 1921.

The court below says that the action of the assembly annulled not only the election of the petitioner, but the action of the assembly in accepting the resignation of Dávila. On the 31st of March the latter, acting, as he said, at the instance of various friends, withdrew his resignation. The assembly of Bayamón thereupon agreed that the resignation had been withdrawn.

The appellant maintained in the court below that the session of March twenty-first was an extraordinary or postponed session and within the power of the municipal assembly to hold such a session as actually held. The court below did not decide the question of the legality of the session, but dismissed the petition on the ground that the resignation was in a suspensive or contingent form, as it was only to take effect on March thirty-first, and that as on that day Dávila withdrew his resignation, the vacancy did not arise; that resignations to take effect in the future may be withdrawn. We are inclined to agree with the appellant and the author-

ities he cites that a resignation once duly accepted can not be withdrawn after another person is named to fill the office. Chief Justice Hernández resigned from this court in the autumn of 1921, to take effect on the ninth day of January of 1922. His resignation was accepted and his successor, the present Chief Justice, was named, but not confirmed before the ninth day of January arrived. We think there was no doubt that the term of the former Chief Justice would have expired on January ninth, 1922, and that there is, if anything, even less doubt that the new Chief Justice was validly nominated, although the term of Chief Justice Hernández had not actually expired at the moment when the new Chief Justice was so nominated. Section 208 of the Political Code provides among other things that an office becomes vacant by the resignation of an officer duly accepted.

The question then recurs to whether the session of March twenty-first was a valid one. If it was not, then there was no acceptance of the resignation and there is no vacancy. Neither the court nor the parties have discussed this point. The opinion of the Attorney General is copied into the record. The assembly of Bayamón met in regular session on March 7, 1921, which was a Monday. At that session it was resolved that instead of meeting daily, meetings should be held every Friday. Accordingly, a meeting was held March 11, March 18 and apparently a postponed session on March 21, the last named day being the one in discussion. Act No. 9 of 1921, after providing for an inaugural session in January after a general election, goes on to provide that the assembly should hold ordinary sessions the first Monday after the first Tuesday in the month of March of each year and these sessions should last for fifteen consecutive days for municipalities of the first class, ten for those of the second, and five for those of the third, excluding Sundays and legal holidays; that extraordinary sessions might be held when requested by a majority of the assembly or of the council, such extraordinary

sessions being also limited in time. The Attorney General points out that an adjournment from Monday the 7th to Friday the 11th, no Sunday or legal holiday intervening, was in itself illegal, as it was an adjournment for more than three days, the limit for an adjournment of an ordinary or extraordinary session of the Legislature itself; that a recess for more than three days was equivalent to an adjournment, citing the case of *Municipality of Quebradillas* v. *Executive Secretary*, 27 P. R. R. 138. The opinion of the Attorney General was that the adjournment from the 7th to the 11th was equivalent to an adjournment *sine die*. If this was true as to the meeting on March 11, the meeting of March 18 had less justification. The Attorney General applied by analogy the provision of the Organic Act limiting recesses of one house to three days in the absence of the consent of the other; that a single house, like an assembly, could, therefore, never adjourn for more than three days. Section 23 of the Municipal Law makes the provision of the Organic Act applicable to municipalities as far as possible.

Either the Attorney General is right or else a municipal assembly has no right to take recesses at all. The law says that the session should be composed of consecutive days. The petition states that Bayamón is a city of the second class. Hence the sessions of the municipal assembly must be over after ten consecutive days, Sundays and holidays excluded. The session began legally on March 7 and a session held on March 21 is more than ten consecutive days later than March 7, and we think there could be no legal ordinary session on that day.

The appellant, however, also maintained that the session of March 21, 1921, was an extraordinary session. How. the appellant arrived at this conclusion we do not know. We have seen nothing in the record to justify it. The record shows that on April 1, after the opinion of the Attorney General, the municipal assembly of Bayamón annulled or

considered annulled its session of March 21st. The burden was on the complainant to show that the municipal assembly met in extraordinary session.

The appellant also attacks the sufficiency of the answer partially for stating matters on information and belief which should be stated on personal knowledge. But if a defendant is denying the existence of a legal valid assembly it would be difficult for him to state the fact of his personal knowledge, the validity of said assembly involving a conclusion of law. When, therefore, defendant, on information and belief, denied the existence of such legal assembly, petitioner had full opportunity to know what was meant. At the trial the nullification of the assembly of its own sessions clearly appeared. At least, appellant suffered no prejudice by reason of the form of the answer.

The judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.